Mr. Justice Clayton
delivered the opinion of the court.
This was a bill of interpleader, filed by the appellee Wade, against Hoggatt and Ayres P. Merrill. The ground for coming into equity is, that Merrill, as the administrator of R. Moore, deceased, had sold a tract of land to Horace Gridley; had taken his notes, with surety, for payment, and had retained the statutory lien upon the premises as further security. That Gridley had become insolvent, leaving one of the notes unpaid, and that Merrill, having exhausted his remedy at law, was proceeding to enforce his statutory lien against the land. That the complainant, Wade, had purchased the land of Gridley, and had given his notes therefor; and that one of the notes had been transferred to Hoggatt, who had brought suit upon it. The bill prays that Hoggatt and Merrill might be required to interplead, *149 and that the court would determine to whom the amount due from the complainant should be paid, and would grant a perpetual injunction as to the other.
There was an agreement between the parties, that the court should decide the matters in dispute, upon the merits, without regard to technicalities. This agreement makes it unnecessary to consider any mere point of form.
The chancellor decreed that Wade should first pay the amount due to Merrill, and that the balance of what he owed should be paid to Hoggatt, and a perpetual injunction granted against Hoggatt as to the rest of his claim. From this decree Hoggatt appealed.
There is no reason to doubt of the right of Merrill to priority of satisfaction. The statute gives a mortgage upon all real estate sold by executors or administrators. The deed of Merrill to Gridley shows that it was land sold by him as administrator, under an order of the probate court, and that a portion of the purchase-money had not become due, at the time Gridley sold to Wade. Wade was therefore justly chargeable with notice, and could occupy no better position than Gridley.
The circumstances relied on to show a waiver of the lien by Merrill, cannot have such effect. It was his duty to take personal security in addition to the statutory lien; the performance or nón-performance of that duty would not affect the lien. Each is intended to be cumulative; and it is doubtful whether anything short of actual payment will discharge the lien. Elliott v. Connell, 5 S. & M. 91.
Nor is there anything in the transaction with Bailey, which can release the land from the lien. If Bailey had joined in the note, it would still have been bound; he would in equity have been regarded as the surety of Gridley,. for his part of the purchase-money, and if he had paid the debt as surety, might have been substituted to the lien of Merrill upon the land.
This statutory mortgage is for the benefit of the estate, and the administrator ought not, by construction, to be held to have done anything to its prejudice. Baine v. McGee, 1 S. & M. 220,
*150 The decree, in its details, might be liable to some objections, but substantial justice has been done, and the parties by agreement have requested a decision upon the merits.
The decree is affirmed.